NO. 19-73334

---

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

---

KARL SEURING,

Petitioner-Appellant

v.

DELTA AIR LINES, INC.,

Respondent-Appellee

---

On Petition for Review of the Final Decision and Order of the United States Department of Labor's Administrative Review Board

ARB Case No. 2019-0082
ALJ Case No. 2018-AIR-00033

Hon. William T. Barto, Chief Administrative Appeals Judge

---

**OPENING BRIEF OF APPELLANT KARL SEURING**

---

Michael A. Cox, OSB No. 935070
Of Attorneys for Karl Seuring

LAW OFFICE OF MICHAEL A. COX
7420 S.W. Bridgeport Road, Suite 101
Tigard, Oregon 97224
(503) 443-2100

## Table of Contents


**INTRODUCTION** ........................................................ 1

**JURISDICTIONAL STATEMENT** .................................................. 1

1. Subject Matter Jurisdiction of the District Court .................. 1
2. Appellate Jurisdiction ......................................................... 1
3. The Timeliness of the Appeal .................................. 1

**STATEMENT OF THE ISSUES ON REVIEW** ................................ 2

**STATEMENT OF THE CASE** ....................................................... 2

1. Nature of the Case, Course of Proceedings and Disposition in the District Court .................... 2
2. Statement of the Facts .................................................... 3

**SUMMARY OF THE ARGUMENT** .................................................. 6

**ARGUMENT** ........................................................................... 7

I. Standard of Review ......................................... 7

II. The ARB Erred in Dismissing Seuring's Petition For Review .......... 7

**A. The ARB's Dismissal of Seuring's Petition is Arbitrary, Capricious and an Abuse of Discretion.** ..... 7

**CONCLUSION** ........................................................................... 11

**STATEMENT OF RELATED CASES** ................................................ 12

**CERTIFICATION OF COMPLIANCE** ................................................ 13

# Table of Authorities

## Cases Cited

**Page**

*Armstrong v. Manzo*, 380 U.S. 545, 85 S.Ct. 1187, 14 L.Ed.2d 62 (1965) ) 9

*Austin v. Univ. of Or.*, 925 F.3d 1133 (9th Cir. 2019) …………………… 9

*Brink's, Inc. v. Herman*, 148 F.3d 175 (2d Cir.1998) ……………………. 7

*Cafferello v. U.S. Civil Service Commission*, 625 F.2d 285 (9th Cir. 1980) 8

*Calmat Co. v. U.S. Dept. of Labor*, 364 F.3d 1117 (9th Cir. 2004) ………. 7

*Coppinger-Martin v. Solis*, 627 F.3d 745 (9th Cir. 2010) ………………… 8

*Ellison v. U.S. Dep't of Labor*, Case No. 09-13054 ……………………….. 9
(11th Cir. June 17, 2010) (unpublished opinion)

*Madison v. U.S. Dep't of Labor*, 924 F.3d 941 (7th Cir. 2019) …………... 7, 9

*Mathews v. Eldridge*, 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976) … 9

*Prince v. Solis*, Case No. 11-1322, (4th Cir. June 15, 2012) ……………… 9
(unpublished opinion);

*Venezuela v. Kraft, Inc.*, 801 F.2d 1170 (9th Cir. 1986) ………………….. 9

*W. Truck Manpower, Inc. v. U.S. Dep't of Labor*, 12 F.3d 151 …………… 7
(9th Cir.1993)

*Williams v. U.S. Dep't of Labor*, Case No. 10-71595, ……………………. 8
(9th Cir. Aug. 17, 2011)

## Statutes and Other Authorities


| | Page |
|---|---|
| 5 U.S.C. § 704 ………………………………………………………… | 1, 8 |
| 5 U.S.C. § 706(2)(A) ……………………………………………………….. | 7 |
| 29 C.F.R. § 1979.110(a) ……………………………………………….. | 1, 3, 4, 6, 8 |
| 49 U.S.C. § 42121 ………………………………………………………. | 1, 2 |

# INTRODUCTION

This is an appeal from an order of the Department of Labor's Administrative Review Board that dismissed petitioner Seuring's Petition for Review as untimely. The ARB erred in ordering dismissal without providing Seuring with any opportunity to raise equitable arguments, including equitable tolling, to explain why his filing was one-day late.

# JURISDICTIONAL STATEMENT

## 1. Subject Matter Jurisdiction of the Department of Labor and the Administrative Review Board

The United States Department of Labor ("DOL") had subject matter jurisdiction over the administrative proceedings below under 49 U.S.C. § 42121 ("AIR21"). Subsection 42121(b) designates the Secretary of Labor to adjudicate AIR21 claims, and the Secretary delegated authority to issue final decisions to the DOL's Administrative Review Board (ARB). See 29 C.F.R. § 1979.110.

## 2. Appellate Jurisdiction

Circuit court review of ARB final orders is authorized by 5 U.S.C. § 704. Appellate jurisdiction is proper in the circuit where the alleged violation occurred—here, Seattle. 49 U.S.C. § 42121(b)(4)(A).

## 3. The Timeliness of the Appeal

The Petition for Review was filed on Monday, December 30, 2019, within

the time provided by 49 U.S.C. § 42121(b)(4)(A) and FRAP 4. (ER1.)

## STATEMENT OF THE ISSUES ON REVIEW

1. Did the Administrative Review Board err in declining to accept Petitioner's Amended Petition for Review as untimely and, thereby, dismissing Petitioner's Petition for Review for non-compliance with 29 C.F.R. § 979.110(a)?

## STATEMENT OF THE CASE

### 1. Nature of the Case, Course of Proceedings and Disposition before the Administrative Review Board

This case arises under the Wendell H. Ford Aviation Investment and Reform Act for the 21st Century, 49 U.S.C. § 42121, commonly known as AIR21. AIR21 prohibits discrimination against covered aviation workers for reporting information about violations or alleged violations of federal aviation safety laws or Federal Aviation Administration (FAA) regulations. AIR21 assigns the investigation and adjudication of AIR21 complaints to the U.S. Department of Labor (DOL). AIR21 cases traverse a multiphase administrative process, including formal hearings before an administrative law judge and review of ALJ findings by the Administrative Review Board (ARB). Final ARB orders are subject to review by

the appropriate United States Circuit Court of Appeal to assure fealty to the statute and purpose of the Act.

In the present case, Petitioner pursued an AIR21 claim through a formal hearing before an ALJ. The ALJ found against Petitioner and dismissed Petitioner's Complaint with prejudice.

Petitioner then sought to appeal the ALJ's order for review by the Administrative Review Board. The Administrative Review Board denied Petitioner's original Petition for Review for non-compliance with 29 C.F.R. § 1979.110(a) and declined to accept an Amended Petition for Review as untimely filed.

## 2. Statement of the Facts

Petitioner filed his AIR21 complaint on June 5, 2017. (ER 2.)

On August 23, 2019, an Administrative Law Judge ("ALJ"), following a formal evidentiary hearing, issued a 48-page opinion and order dismissing Petitioner's Complaint with prejudice. (ER 2-49.) Petitioner Seuring received the ALJ's decision and order on August 27, 2019. (ER 52.)

Shortly thereafter, on September 5, 2019, Seuring filed, with the Administrative Review Board, a petition to review the ALJ's order. (ER 52.) Seuring noted that he was no longer represented by counsel and was seeking new

counsel to file an amended petition with "specific findings, conclusions and orders." *Id.* Seuring requested a 30- day extension to accomplish this task. *Id.*

21 days later, on September 26, 2019, the ARB responded to Seuring's request and granted him 13 days, until October 9, 2019, to file an amended petition for review. (ER 54.) The ARB further stated:

> Complainant is advised that he must comply with 29 C.F.R. § 1979.110(a), which states **"the petition for review must specifically identify the findings, conclusions or orders to which exception is taken. Any exception not specifically urged ordinarily shall be deemed to have been waived by the parties."**

*Id.* (bold in original).

Notably, the ARB's order was served on Seuring via mail (ER 55) and the time in which Seuring would have to prepare and file an amended petition was thereby further reduced by the time it takes the mail to be transported and delivered from Washington D.C. on the East Coast to Kirkland, Washington on the West Coast. *See* ER 55.

On October 10, 2019, Seuring filed[1] his 27-page Amended Petition for Review. (ER 84, ER 57-85.) Admittedly, the Amended Petition for Review was

---

[1] Seuring filed by mail (ER 84) and, under such circumstances, the filing date is determined by the "date of the postmark." (ER 48.) Here, the record does not contain the date of the postmark. Instead, the ARB accepted October 10, 2019 as the date of mailing (ER 94) and, hence, October 10, 2019 is the date of filing for this appeal.

filed one-day late[2]. The Amended Petition fully complies with the ARB's requirement that Seuring specifically identify the findings, conclusions and orders to which exception is taken.

On October 17, 2019, Respondent Delta Air Lines, Inc. ("Delta") filed a response to Seuring's Amended Petition seeking dismissal of the petition as untimely. (ER 89-93.) Ironically, given Delta's objection to a minor technical error by Seuring, the certificate of service attached to Delta's Response is in error. The certification provides that the response was mailed to Seuring on October 17, 2019. (ER 92.) However, the envelope containing the Response received by Seuring shows a "Pitney Bowes" postmark of October 18, 2019, with the official marking from the USPS in North Metro Georgia showing a date of October 19, 2019. (ER 93.)

As a further irony, Delta's response attacks an appeal from an underlying case that Delta numbers as 2011 AIR 00021 in the caption. (ER 89.) The underlying case, however, is numbered as 2018 AIR 00033. (ER 94.) Delta plainly committed a second technical error in the captioning of its response. While Seuring is of the mind that judicial tribunals should not resolve serious matters on the basis of nonprejudicial, technical errors, Seuring should be afforded the

[2] Concurrently with the filing of the Amended Petition for Review, Seuring filed a Motion for Leave to File an Amended Petition for Review. (ER 86.) Petitioner again noted his *pro se* status and that he was still seeking counsel. *Id.*

opportunity to point out Delta's errors if such minor matters are to be used to determine what shall or shall not be considered.

On October 30, 2019, the ARB issued a final order declining to accept Seuring's Amended Petition for Review as untimely and denying Seuring's Petition for Review for non-compliance with 29 C.F.R. § 1979.110(a). (ER 94.) Significantly, prior to ordering dismissal, the ARB did not issue an order for Seuring to show cause as to the untimely filing or provide Seuring with any opportunity to respond to Delta's argument for dismissal due to untimeliness. (ER 94-95.)

## SUMMARY OF THE ARGUMENT

The Administrative Review Board erred in declining to accept Petitioner's Amended Petition for Review as untimely and, thereby, denying Petitioner's original Petition for Review for noncompliance 29 C.F.R. § 1979.110(a). The ARB set a deadline of October 9, 2019 for Seuring to file an Amended Petition for Review meeting the substantive requirements of 29 C.F.R. § 1979.110(a). Seuring filed his Amended Petition for Review meeting the substantive requirements of 29 C.F.R. § 1979.110(a) on October 10, 2019, one day late.

Respondent Delta objected to the timeliness of the Amended Petition and the ARB dismissed Seuring's petition with prejudice. However, the ARB committed a

critical error. The ARB dismissed Seuring's petition without issuing an order to show cause or providing Seuring any opportunity to be heard on the issue of timeliness. As such, the ARB failed to consider, as this court requires, any equitable considerations, including equitable tolling, that might excuse the fact that the Amended Petition was one-day late. Because of this error, this Court should remand the case back to the ARB.

## ARGUMENT

### I. Standard of Review

On review of an ARB order, this Court considers whether an ARB decision is arbitrary, capricious, an abuse of discretion, or otherwise contrary to law. 5 U.S.C. § 706(2)(A); *Calmat Co. v. U.S. Dept. of Labor*, 364 F.3d 1117, 1121 (9th Cir. 2004) (citing *Brink's, Inc. v. Herman*, 148 F.3d 175, 178 (2d Cir.1998); *see also W. Truck Manpower, Inc. v. U.S. Dep't of Labor*, 12 F.3d 151, 153 (9th Cir.1993)). Conclusions of law are reviewed de novo. *Calmat Co., supra,* 364 F.3d at 1122.

### II. The ARB Erred in Dismissing Seuring's Petition for Review

#### A. The ARB's Dismissal of Seuring's Petition is Arbitrary, Capricious and an Abuse of Discretion.

The deadline of October 9, 2019, set for Seuring's filing of his Amended Petition for Review was not jurisdictional. *Madison v. U.S. Dep't of Labor*, 924

F.3d 941, 946 (7th Cir. 2019). The timeline for filing an appeal to the ARB contained in 29 C.F.R. § 1979.110(a) is not statutorily mandated and is not in the manner of a limitation on the claimant's claim. Rather, it is a regulation contemplated by section 10(c) of the Administrative Procedure Act ("APA") (5 U.S.C. § 704) to provide the limited mechanism for the exhaustion of administrative remedies preparatory to judicial review. In fact, this Court has acknowledged that an untimely filing to the ARB can be considered in the absence of an objection to timeliness. *Cafferello v. U.S. Civil Service Commission*, 625 F.2d 285, 287 (9th Cir. 1980).

In determining whether to dismiss an appeal for untimeliness, the ARB must consider any equitable considerations that might excuse a late filing. *See Williams v. U.S. Dep't of Labor,* Case No. 10-71595, p. 2 (9th Cir. Aug. 17, 2011) (this Court holding in an unpublished memorandum that "The ARB properly denied [petitioner's] complaint as untimely **and concluded that equitable principles did not apply to toll the limitations period**) (emphasis added); *see also Coppinger-Martin v. Solis,* 627 F.3d 745, 748 (9th Cir. 2010) (affirming ARB decision that upheld an ALJ's dismissal of a petitioner's complaint as untimely where petitioner had not established that she was entitled to equitable tolling or equitable estoppel). One such consideration is the determination of whether the doctrine of equitable tolling applies. *See Coppinger-Martin, supra* at 749-50. "Equitable tolling

applies when the plaintiff is prevented from asserting a claim by wrongful conduct on the part of the defendant, **or when extraordinary circumstances beyond the plaintiff's control made it impossible to file a claim on time**." *Venezuela v. Kraft, Inc.*, 801 F.2d 1170, 1174-75 (9th Cir. 1986) (emphasis added).

Accordingly, when a respondent objects to a petition for review to the ARB as untimely, the ARB typically issues an order for the petitioner to show cause why the petition should not be dismissed as untimely. *See Madison v. U.S. Dep't of Labor*, 924 F.3d 941, 944-45 (7th Cir. 2019); *Prince v. Solis*, Case No. 11-1322, , pp. 3-4 (4th Cir. June 15, 2012) (unpublished opinion); *Ellison v. U.S. Dep't of Labor*, Case No. 09-13054 , pp. 2-3 (11th Cir. June 17, 2010) (unpublished opinion). This practice is consistent with the fundamental requirements of due process. *Mathews v. Eldridge*, 424 U.S. 319, 333, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976) ("The fundamental requirement of due process is the opportunity to be heard 'at a meaningful time and in a meaningful manner.'" (quoting *Armstrong v. Manzo*, 380 U.S. 545, 552, 85 S.Ct. 1187, 14 L.Ed.2d 62 (1965) ); *see also Austin v. Univ. of Or.*, 925 F.3d 1133, 1139 (9th Cir. 2019).

Here, after Delta objected to Seuring's Amended Petition as untimely, the ARB did not issue an order to show cause or give Seuring any other opportunity to respond or create a record regarding any equitable considerations in general or equitable tolling in particular. Instead, the ARB, without any consideration of

possible equitable matters, summarily issued an order dismissing Seuring's petition. Seuring respectfully submits to this court that the ARB's decision to dismiss Seuring's petition without any consideration of the reasons for the filing being one-day late and without providing a *pro se* litigant with the basic right to be heard is a harsh result that is arbitrary, capricious and an abuse of discretion. This matter should be remanded for the ARB to consider any and all equitable considerations that might excuse a day-late filing.

In dismissing Seuring's Petition, the ARB also failed to consider the issue of prejudice. Prejudice, of course, is a relevant concern in any analysis of equitable tolling or of whether a tribunal acted in a manner that is arbitrary, capricious or an abuse of discretion.

Here, again, the ARB's decision shows no consideration of the issue of prejudice. Worse, the ARB never gave Seuring an opportunity to make a record regarding the complete lack of prejudice flowing from the filing of the Amended Petition for review one-day after the deadline. Seuring can proffer here, that had the ARB given him the opportunity, he could have showed that the Amended Petition was not only mailed on October 10th, but that it was emailed to Delta on the 10th as well. Delta actually had the Amended Petition in its possession at a time earlier than it would have had it if Seuring had only mailed on October 9th in compliance with the ARB's order. Given the complete lack of any prejudice, the

penalty of dismissal was extreme and unfair.

## CONCLUSION

For all the reasons set forth above, plaintiff respectfully requests that this Court reverse the order of the Administrative Review Board dismissing Petitioner's Petition for Review and declining to accept Petitioner's Amended Petition for Review for consideration on the merits. This matter should be remanded to the ARB for further consideration.

DATED this 17th day of June, 2020.

s/ Michael A. Cox
Michael A. Cox, OSB #935070
Of Attorneys for Appellant

## STATEMENT OF RELATED CASES

Appellant is not aware of any "related cases" (as defined in Circuit Rule 28-2.6) pending in this court.

DATED this 17th day of June, 2020.

s/ Michael A. Cox
Michael A. Cox, OSB #93507
Of Attorneys for Appellant

**CERTIFICATION OF COMPLIANCE**

**PURSUANT TO FRAP 32(a)(7)(C) AND CIRCUIT RULE 32-1**

**FOR CASE NUMBER 19-73334**

I certify, pursuant to FRAP 32(a)(7)(C) and Circuit Rule 32-1, that the attached Opening Brief of Petitioner Karl Seuring is proportionately spaced, has a typeface of 14 points or more, and contains 2,841 words based on the word processing system used to prepare the brief.

DATED this 17th day of June, 2020.

s/ Michael A. Cox
Michael A. Cox, OSB #93507
Of Attorneys for Appellant